Timothy C. Houpt (#1543)
Jessica P. Wilde (#11801)
JONES, WALDO, HOLBROOK & McDONOUGH, P.C.
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
*thoupt@joneswaldo.com*
*jwilde@joneswaldo.com*

*Attorneys for Defendant Premera Blue Cross*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LYN M., and DAVID M., as Legal Guardians of L.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>PREMERA BLUE CROSS, and MICROSOFT CORPORATION WELFARE PLAN,<br><br>Defendants. | **DEFENDANT PREMERA BLUE CROSS'S MOTION TO TRANSFER VENUE AND SUPPORTING MEMORANDUM**<br><br>Case No. 2:17-cv-01152-BSJ<br><br>Judge Bruce S. Jenkins |

Defendant Premera Blue Cross ("Premera"), through counsel, moves the Court to transfer venue of this matter to the United States District Court for the Western District of Washington.

## INTRODUCTION

This is a claim to recover benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") in which Plaintiffs, Lyn M. and David M., as legal guardians of L.M. ("Plaintiffs"), seek recovery of expenses incurred in a Utah residential treatment facility for treatment provided to L.M. (Complaint ¶¶ 1, 6-7, 40, 47). Plaintiffs allege that Premera improperly denied Plaintiffs' claims for the costs of L.M.'s in-

patient care at Eva Carlston Academy (the "Academy") under the terms of an employee welfare benefits plan for the provision of health care services. (Complaint, ¶¶ 5, 7, 28).

Despite the fact that Plaintiffs do not reside in Utah and Premera does not reside in Utah, Plaintiffs filed their Complaint in Utah federal court. (*See* Complaint). Treatment was provided in Utah, but nothing else ties this case to the state of Utah.

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have brought." 28 U.S.C. § 1404(a); *see Chrysler Credit Corp. v. Cty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The Court should transfer this case to the Western District of Washington for the convenience of the parties and in the interest of justice. Although the plaintiffs are residents of New York, the state of Washington is central to the operative facts of this case: It is the location of the claims administrator, the Plan, and where the parties corresponded regarding the claims appeal process.

## RELEVANT FACTS

Plaintiffs are residents of New York County, New York. (Complaint ¶ 1). At all relevant times David L. was an employee with Microsoft, which provides a number of benefits for its employees including, but not limited to, participating in the Microsoft Corporate Welfare Plan (the "Plan"). (Complaint ¶¶ 2-3). David is a participant in the Plan and Lyn M. and L.M. are beneficiaries of the Plan. (Complaint ¶ 4). Premera is the claims administrator of the Plan. (Complaint ¶ 2; Declaration of Gwendolyn C. Payton, attached as Exhibit A ("Payton Decl."), ¶ 3). Premera is a non-profit corporation headquartered and incorporated in the State of Washington. (Payton Decl., ¶ 2).

On March 21, 2015, L.M. was admitted to the Academy, a residential treatment facility in Utah. (Complaint ¶ 23). Plaintiffs submitted claims to Premera for L.M.'s treatment at the Academy. (Complaint ¶¶ 27, 28). Premera denied coverage for the Academy services beginning on March 31, 2015 because the Academy's treatment was deemed not medically necessary. (Complaint ¶¶ 28, 29). Plaintiffs submitted internal appeals of the denial on behalf of L.M., and the denial was upheld. (Complaint ¶¶ 32-33, 36).  Then National Medical Reviews ("NMR"), an independent reviewer, reviewed whether the treatment was medically necessary, and upheld the denial. (Complaint ¶¶ 36-37). All correspondence between Premera and Plaintiffs regarding Plaintiffs' appeals was sent from Premera locations in Washington to Plaintiffs in New York, and vice versa. (Payton Decl., ¶ 7). Furthermore, all determinations and decisions made by Premera were made in Washington. (Payton Decl., ¶ 8).

## ARGUMENT

Motions to transfer venue are governed by 28 U.S.C. § 1404(a). Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought". 28 U.S.C. § 1404(a); *see Chrysler Credit Corp.*, 928 F.2d at 1515.

It is clear that this case could have been brought in the Western District of Washington under two of the three prongs of ERISA's venue provision. 29 U.S.C. § 1132(e)(2). The Western District of Washington is (1) where the Plan is administered, and (2) where Premera maintains its principal place of business. Moreover, the third ERISA venue prong— (3) where the alleged breaches of ERISA and the Plan occurred— points away from Utah as an appropriate venue. Under ERISA, the "breach of ERISA plan occurs at the place the policy holder resides" even in cases where "the services may have been provided at an out-of-state location." *Island View Residential Treatment Ctr. v. Kaiser Permanente*, No. 1:09-cv-3, 2009 WL 2614682, at *2 (D. Utah Aug. 21, 2009). Plaintiffs' alleged breaches did not occur in Utah. Therefore, the Western District of Washington is a proper venue to transfer the case under 28 U.S.C. § 1404(a).

This Court has consistently granted motions to transfer venue in cases with facts almost identical to those in the present dispute. *See e.g.*, *IHC Health Services, Inc. v. Eskaton Properties, Inc.*, No. 2:16-cv-3-DN, 2016 WL 4769342 (D. Utah Sept. 13, 2016); *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-00022-DN, 2015 WL 164183 (D. Utah Jan. 13, 2015); *David L. v. McGraw-Hill Companies, Inc. Grp. Health Plan*, No. 1:13-cv-00176-DS, 2014 WL 1653197 (D. Utah Apr. 23, 2014); *Island View Residential Treatment Ctr.*, 2009 WL 2614682; *Jon N. v. Blue Cross Blue Shield of Mass, Inc.*, No. 1:07-cv-137-DAK, 2008 U.S. Dist. LEXIS 35464 (D. Utah

Apr. 29, 2008). This includes two matters where the plaintiffs were represented by the same counsel as the counsel for the Plaintiffs in this case, also against Premera. *Peter B. v. Premera Blue Cross*, No. 2:16-cv-01904-JCC, Dkt. No. 12 (D. Utah Dec. 13, 2016); *Rust v. Premera Blue Cross*, No. 1:2017-cv-00058-DN, Dkt. No. 17 (D. Utah July 7, 2017). Each of these cases involved plaintiffs seeking to recover expenses, under ERISA, incurred for medical treatment received in Utah by out-of-state beneficiaries.[1] In each of these cases, the defendants came before this Court and requested a transfer of venue under 28 U.S.C. § 1404(a)—and in every case, the motion was granted.[2]

In *Island View*, for example, the plaintiffs brought a coverage action against Kaiser Permanente and the Kaiser Permanente Traditional Plan for Small Business, seeking to recover expenses incurred for the treatment of a plan participant at the Academy in Utah. As in the instant cases, "the plaintiff participant and his employer, the beneficiary, and the plan administrator" resided outside of Utah. *Island View*, 2009 WL 2614682, at *1. In transferring venue, the Court explained:

> Although Andrew L. was treated in Utah an some communications between Island View and Kaiser took place in Utah, the alleged breaches of ERISA occurred either in California or a jurisdiction other than Utah. The Kaiser plan was not administered in Utah and the decisions about coverage were not made in Utah. Perhaps more importantly, neither the L's nor Kaiser is located in Utah. . . . Finally, although the convenience of the witnesses is not as important an issue in this case because the court's review in ERISA cases is generally limited to the administrative record, the most relevant witnesses and documents are not located in Utah. *See, e.g.*, *Jewell v. Life Ins. Co. of Am.*, 508 F.3d 1303, 1309 (10th Cir. 2007); *Jon N v. Blue Cross Blue Shield of Mass., Inc.*, 2008 U.S. Dist. LEXIS 35464 (D. Utah Apr. 29, 2008).

---

[1] *IHC Health Services*, 2016 WL 4769342, at *1; *Danny P.*, 2015 WL 164183, at *1; *David L.*, 2014 WL 1653197, at *1; *Island View*, 2009 WL 2614682, at *1; *Jon N.*, 2008 U.S. Dist. LEXIS 35464, at *1.
[2] *IHC Health Services*, 2016 WL 4769342, at *9; *Danny P.*, 2015 WL 164183, at *4; *David L.*, 2014 WL 1653197, at *2; *Island View*, 2009 WL 2614682, at *3-4; *Jon N.*, 2008 U.S. Dist. LEXIS 35464, at *9.

1394744.2

*Id.* at \*3.

The instant case is almost identical. Although L.M. was treated in Utah, the alleged breach of ERISA did not occur in Utah. The Plan was not administered in Utah and the decisions about coverage were not made in Utah. Neither Plaintiffs nor Premera are located in Utah. Furthermore, although this too is an ERISA case generally limited to the administrative record, the most relevant witnesses and documents are located in Washington, where Premera administers the Plan.

Similarly, in *David L.*, the plaintiff claimed benefits under ERISA to recover expenses for treatment in Utah of an out-of-state minor. *David L.*, 2014 WL 1653197, at \*1. The *David L.* defendants moved to transfer venue to New Jersey. *Id.* The Court held that "[a]lthough treatment was rendered in Utah, the alleged breach of ERISA did not occur in Utah. Neither the Plaintiffs nor Premera is located in Utah." *Id.* In short, "the case lack[ed] any significant connection to the District of Utah." *Id.* On facts almost identical to our case, plaintiffs' only other significant tie to the District of Utah "is that their counsel is located here." *Id.* at \*2. "[T]he convenience of counsel," however, "is irrelevant and should not be considered in evaluating whether transfer is proper under § 1404(a)." *Id.* In choosing to transfer venue from the District of Utah, the Court also considered "the convenience of Defendants," and that "although judicial review of an ERISA case is generally limited to the administrative record, should it become necessary, it seems unlikely that any relevant witness or supplemental documents will be found in Utah." *Id.* Therefore, *David L.* also points to a transfer of venue in this case. *Danny P.* and *John N.* reach similar holdings based on similar facts. *Danny P.*, 2015 WL 164183, at \*4; *Jon N.*, 2008 U.S. Dist. LEXIS 35464, at \*9.

Indeed, it would be fundamentally unfair to proceed with this case in Utah when the facts alleged in the Complaint have no connection to Utah. The basis of Plaintiffs' Complaint is not

about what happened in Utah between L.M. and L.M.'s healthcare providers. Rather, the basis of the Complaint is the allegation that Premera breached its fiduciary duties under ERISA by failing to provide benefits required under the terms of the Plan, based on the administrative record available to them. Therefore, the location of L.M.'s treatment is irrelevant. *See Jon N.*, 2008 U.S. Dist. LEXIS 35464, at *9 (noting that even though plaintiff's treatment was in Utah, the case had "no ties to this state"). The Plan was administered in Washington and decisions about coverage were made in Washington. All correspondence between the parties was sent to or from Premera's location in Washington. None of the parties are located in Utah. In addition, the Western District of Washington will permit greater enforceability of any judgment obtained against Premera because it is the location of Premera's headquarters and where Premera holds it assets. *See IHC Health Services*, 2016 WL 4769342, at *8 (noting that the Eastern District of California may permit greater enforceability of judgment because it is "presumably where [the defendant] holds its assets").

Plaintiffs' choice of forum is not controlling in this case. Although generally "the plaintiff's choice of forum should rarely be disturbed," the plaintiff's choice of forum "has 'less force if the forum has little connection with the operative facts of the lawsuit.'" *Id*. (citing *Danny P.*, 2015 WL 164183, at *2 (quoting *Island View*, 2009 WL 2614682, at *3)) (quotations omitted). Here, Utah lacks any significant connection with the operative facts of this case. *See id*.

Lastly, as noted, Plaintiffs' choice of counsel has no bearing on choice of forum. *IHC Health Services*, 2016 WL 4769342, at *8 (holding that "[t]he fact that [plaintiff's] counsel is located in Utah is also of no importance"); *Danny P.*, 2015 WL 164183, at *3 (holding that "this court does not consider convenience of counsel to be a relevant factor" under § 1404(a)); *David*

*L.*, 2014 WL 1653197, at *2 (holding that "convenience of counsel is irrelevant" and "[p]resumably, Plaintiffs' counsel can apply to practice *pro hac vice*"); *Island View*, 2009 WL 2614682, at *3 (holding that "the court gives no deference to the concept that the location of the [plaintiff] L's counsel is in Utah" because "[i]f it is not inconvenient for the Ls to travel to Utah for this litigation they cannot claim with credibility that it is inconvenient for their counsel to travel to California").

The facts of the instant case are almost indistinguishable from the facts in *IHC Health Services*, *Danny P.*, *David L.*, *Island View*, *Jon N*, *Rust*, and *Peter B*. Plaintiffs do not reside in Utah; Premera does not reside in Utah; the Plan is not administered in Utah; Utah law is not applicable; claims reviews did not occur in Utah; and appeals pursuant to the Plan were not conducted in Utah. Notwithstanding Plaintiffs' choice of forum, there is simply no connection to Utah. The most significant connections are in the Western District of Washington, which is the appropriate venue for this action.

## CONCLUSION

For the foregoing reasons, Premera respectfully requests that this Court grant its Motion to Transfer Venue and enter an order transferring this matter to the United States District Court for the Western District of Washington, and for all other relief this Court deems just and proper.

DATED this 6th day of November, 2017.

JONES WALDO HOLBROOK & McDONOUGH, PC

By: /s/ *Jessica P. Wilde*
Timothy C. Houpt
Jessica P. Wilde
*Attorneys for Defendant Premera Blue Cross*

1394744.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of November, 2017, I electronically filed the foregoing DEFENDANT'S MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Brian S. King
> BRIAN S. KING, PC
> 336 South 300 East, Suite 200
> Salt Lake City, UT 84111
> Telephone: (801) 532-1739
> Facsimile: (801) 532-1936
> brian@briansking.com

/s/ *Emily Christensen, legal assistant*

1394744.2