Timothy C. Houpt (USB #1543)
Jessica P. Wilde (USB #11801)
JONES, WALDO, HOLBROOK & McDONOUGH, P.C.
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200

Gwendolyn C. Payton (admitted pro hac vice)
KILPATRICK, TOWNSEND & STOCKTON, LLP
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Telephone: (204) 467-9600

*Attorneys for Defendant Premera Blue Cross*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LYN M., and DAVID M., as Legal Guardians of L.M., a minor,<br><br>                                        Plaintiffs,<br><br>   v.<br><br>PREMERA BLUE CROSS and MICROSOFT CORPORATION WELFARE PLAN,<br><br>                                        Defendants. | **ANSWER**<br><br>Case No. 2:17-cv-01152-BSJ |

COMES NOW Defendant Premera Blue Cross ("Premera" or "Defendant") and states by way of answer and affirmative defenses to Plaintiffs' Complaint as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Upon information and belief, Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Upon information and belief, Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that L.M. received services at Eva Carlston Academy ("Eva Carlston"). Defendant lacks sufficient information to confirm or deny the remaining allegations in Paragraph 6 of the Complaint, and therefore denies them and all inferences to be drawn therefrom.

7. Defendant admits that it denied some of L.M.'s claims for the payment of medical expenses in connection with services rendered by Eva Carlston. With respect to the remaining allegations in Paragraph 7, Premera states that the Complaint speaks for itself.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that venue is appropriate under 29 U.S.C.A § 1132(e)(2) and 28 U.S.C. §1391(c).

10. Defendant states that the allegations in Paragraph 10 only characterize the nature of Plaintiffs' claims and therefore no response is required, and further states that Defendant denies Plaintiffs' claims.

## BACKGROUND FACTS

### L.M.'s Developmental and Medical Background

11. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

12. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

13. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

14. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

15. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

16. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

17. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

18. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

19. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

20. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

21. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

22. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

### L.M.'s Treatment at Eva Carlston

23. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

24. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

25. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

26. Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

27.     Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them and all inferences to be drawn therefrom.

### The Plan's Denial of Coverage and the M. Family's Appeal

28.     Defendant admits that claims were submitted for coverage of L.M.'s treatment. Defendant further admits that Premera sent a letter to L.M. dated March 31, 2015 concerning the denial of certain of those claims ("Benefit Determination Letter"). Defendant states that the Benefit Determination Letter speaks for itself and therefore denies the Complaint's characterizations of it.

29.     Defendant states that the Benefit Determination Letter speaks for itself and therefore denies the Complaint's characterizations of it.

30.     Defendant admits that Plaintiffs sent a letter to Defendant dated April 19, 2016, initiating an appeal of the denial of coverage ("Level One Appeal Request Letter"). Defendant states that the Level One Appeal Request Letter speaks for itself and therefore denies the Complaint's characterizations of it. Defendant denies the remaining allegations and all inferences to be drawn therefrom.

31.     Defendant states that the Level One Appeal Request Letter speaks for itself and therefore denies the Complaint's characterizations of it. Defendant denies the remaining allegations and all inferences to be drawn therefrom.

32.     Defendant admits that it sent a letter to Lyn M. dated June 3, 2016, denying coverage of Plaintiffs' claims ("Level One Appeal Decision"). Defendant states that the Level One Appeal Decision speaks for itself and therefore denies the Complaint's characterizations of it.

33.     Defendant admits that Plaintiffs sent a letter to Defendant dated September 27, 2016 requesting independent review of the denial of coverage ("IRO Request Letter"). Defendant also admits that Lyn M. also submitted an "External Review Request Form" dated July 7, 2016.

34. Defendant states that the IRO Request Letter speaks for itself and therefore denies the Complaint's characterizations of it. Defendant denies the remaining allegations and all inferences to be drawn therefrom.

35. Defendant states that the IRO Request Letter speaks for itself and therefore denies the Complaint's characterizations of it. Defendant denies the remaining allegations and all inferences to be drawn therefrom.

36. Defendant denies the allegations in Paragraph 36 of the Complaint. Defendant states that on October 24, 2016 National Medical Reviews ("NMR") issued a letter to L.M. regarding its decision as the IRO that reviewed Plaintiffs' appeal ("IRO Decision Letter").

37. Defendant states that the IRO Decision Letter speaks for itself and therefore denies the Complaint's characterizations of it.

38. Defendant denies the allegations in Paragraph 38 of the Complaint. Defendant states that the IRO Decision Letter and the laws that govern it speak for themselves and therefore denies the Complaint's characterizations of it.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegation in Paragraph 40 of the Complaint.

41. Defendant admits the allegations in Paragraph 41 of the Complaint.

## CAUSE OF ACTION

**(Claim for Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B))**

42. By way of answer to Paragraph 42 of the Complaint, Defendant states that ERISA speaks for itself.

43. By way of answer to Paragraph 43 of the Complaint, Defendant states that ERISA speaks for itself.

44. Defendant denies the allegation in Paragraph 44 of the Complaint.

45. Defendant denies the allegation in Paragraph 45 of the Complaint.

46. Defendant denies the allegation in Paragraph 46 of the Complaint.

47.     Defendant denies the allegation in Paragraph 47 of the Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

By way of answer to Plaintiffs' request for relief on the final page of the Complaint, Defendant denies that Plaintiffs are entitled to any relief from Premera including, but not limited to, the specific relief requested.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claim is barred, in whole or in part, to the extent any damages suffered by Plaintiffs were proximately caused by persons and/or entities that are neither agents nor employees of Defendant, and no legal or factual basis exists for imposing liability upon Defendants for the acts or omissions of any such other persons and/or entities.

### Second Affirmative Defense

Plaintiffs' claim is barred because Plaintiff has received all benefits to which he is entitled under the terms of the Plan, and has not been denied any benefits to which he is entitled under the Plan.

### Third Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted.

### Fourth Affirmative Defense

Plaintiffs have not suffered any cognizable damages, and to the extent they have suffered any such damages, they failed to mitigate those damages.

### Fifth Affirmative Defense

Plaintiffs' claim is barred to the extent Plaintiffs seek relief or remedies not available under ERISA.

### Sixth Affirmative Defense

To the extent Plaintiffs allege that Defendant was acting in a fiduciary capacity, Defendant acted with good faith, reasonable care, skill, prudence, and diligence under the

circumstances.

### Seventh Affirmative Defense

Plaintiffs' demand for attorneys' fees should be denied because Defendant's defenses to this action are reasonable and made in good faith.

### Reservation of Rights

Defendant expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon orders issued by any court, or based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of the parties' positions in this litigation.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE having fully answered Plaintiffs' Complaint and having asserted affirmative defenses, Defendant prays for the following relief:

1. For dismissal of Plaintiffs' Complaint with prejudice;

2. For costs and attorneys' fees incurred in defense of this action as allowed by law; and

3. For such other and further relief as the Court deems just and proper.

DATED this 21st day of February, 2018.

        Respectfully submitted,

        KILPATRICK TOWNSEND & STOCKTON LLP
        Attorneys for Defendant Premera Blue Cross

        By  */s/ Gwendolyn C. Payton*
           Gwendolyn C. Payton
           (Admitted Pro Hac Vice)
           gpayton@kilpatrick.com
           1420 Fifth Avenue, Suite 3700
           Seattle, WA 98101
           Telephone: (206) 467-9600
           Facsimile: (206) 623-6793

## CERTIFICATE OF SERVICE

I Gwendolyn C. Payton, HEREBY CERTIFY that on the 21st day of February, 2018, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Brian S. King
Nediha Hadzikadunic
336 S 300 E STE 200
Salt Lake City, UT 84111
brian@briansking.com
nediha@briansking.com

☒ **by CM/ECF**
☐ **by Electronic Mail**
☐ **by Facsimile Transmission**
☐ **by First Class Mail**
☐ **by Hand Delivery**
☐ **by Overnight Delivery**

/s/ *Gwendolyn C. Payton*
Gwendolyn C. Payton